[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE APPORTIONMENT COMPLAINT #103
This action arises out of a slip and fall on snow and ice by the plaintiff, Murteza Shira, on January 17, 1999 in a parking lot of the defendants, Matthew Rubin and Intercontinental Holding Company, Inc. Shira filed a complaint on March 1, 2000 alleging that Shira's injuries were the result of the defendants' carelessness and negligence. Subsequently, the defendant, Rubin, owner of the premises, filed an CT Page 12843 apportionment complaint alleging negligence on the part of a snow removal contractor, Matty's Paving. On May 22, 2000, Shira filed a motion to strike on the ground that Rubin is improperly attempting to apportion his non-delegable duty to maintain the premises, which he owned.
As required by Practice Book § 10-42, the plaintiff filed a motion in support of his motion to strike, and the defendant timely filed a memorandum in opposition. The defendant has further filed a supplemental memorandum in opposition.
 Discussion
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim on which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autori, 236 Conn. 820, 825, 676 A.2d 357 (1996). "The court must construe facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Id.
Shira contends that Rubin is precluded from seeking damages from Matty's Paving because, as the owner of the premises, he has a non-delegable duty to maintain the premises in a reasonably safe condition. Rubin argues that since Matty's Paving is potentially liable to the plaintiff, it should be brought into the action for apportionment purposes.
There is a split of authority among the judges of the superior court as to whether the owner of premises may bring an independent contractor into a negligence action for apportionment purposes. "One line of cases holds that a defendant in possession of the premises has a non-delegable duty to maintain the premises in a reasonably safe condition which precludes the defendant from seeking an apportionment of damages from an independent contractor." Riggione v. Kmart Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 425255 (January 11. 2000, Alander, J.) (granting motion to strike on this theory). See also Duerr v. Sage Associates, Superior Court, judicial district of New London at New London, Docket No. 539139 (March 15, 1999, Martin, J.);Fullerton v. Wawa, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 406911 (December 15, 1998, Silbert, J.) (23 Conn.L.Rptr. 549). Further, the court may grant a motion to strike on the premise that the "negligence of the contractor is the negligence of the property possessors" and, therefore, the negligence is indivisible.Currier v. Fieldstone Village, Superior Court, judicial district of CT Page 12844 Tolland at Rockville, Docket No. 969258 (January 19, 2000, Sullivan, J.)
Riggione v. Kmart Corp., supra, notes the opposing view that the "independent contractor is liable for its negligent acts or omissions in failing to keep the premises reasonably safe and may be brought into the negligence action for apportionment purposes." Id. See, e.g., Gulisanov. National Amusements, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 065495 (July 29, 1999, Thompson,J.) (25 Conn.L.Rptr. 203); Uliano v. East Hill Woods, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 061900 (November 9, 1998, Grogins, J.) (23 Conn.L.Rptr. 335).
Despite the split of authority, the court finds that the reasoning articulated in the former line of cases is more persuasive. These cases set forth the common law rule that a land owner has a non-delegable duty to maintain his premises. Furthermore, Rubin is not left without a remedy as he could seek indemnification against Matty's Paving for any damages awarded against him as a result of its negligence.
Accordingly, Shira's motion to strike the apportionment complaint is granted.
So ordered. October 16, 2000.
BY THE COURT
PETER EMMETT WIESE, JUDGE